## *Ex parte* HARRY NEWBY.

No. A-2903. Opinion Filed February 17, 1917.

(162 Pac. 1134.)

**BAIL—Application—Evidence.** Evidence on application for bail considered, and **held** sufficient to justify the refusal of bail to petitioner committed to answer for the crime of murder.

Application by Harry Newby for a writ of *habeas corpus* to be let to bail. Writ denied, and bail refused.

*Geo. Goad* and *E. B. Hunt,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for respondent.

DOYLE, P. J. In this proceeding, petitioner, Harry Newby, by his attorneys presented to this court a verified petition wherein he alleges that he is illegally restrained of his liberty by Jim Meredith, sheriff of Delaware county, and that his illegal confinement and detention consists in this, to wit: That a warrant of commitment was illegally issued by L. W. Ingram, justice of the peace in and for Jay township, Delaware county, upon a preliminary examination had upon a complaint

wherein petitioner was charged with the crime of murder, alleged to have been committed in said county on December 18, 1916, by shooting and killing one Ben Price; and that under the evidence introduced on said examination defendant was entitled to have been discharged from custody, for the reason that said evidence was insufficient to show the commission of the crime of murder, or probable cause to believe the defendant to be guilty of the crime of murder, which it is alleged more fully appears from the transcript of the testimony taken upon said examination, which is annexed to and made a part of his petition. Wherefore petitioner prays that a writ of *habeas corpus* be granted, and that he be discharged from custody, and further prays that, if the court should be of the opinion that the evidence is sufficient to hold petitioner upon a charge of murder, he be admitted to bail fixed at a reasonable amount, for the reason that the proof of his guilt is not evident, nor the presumption thereof great.

We have examined the transcript of the testimony, and, without entering into a discussion of the facts, we deem it sufficient to say that, upon a careful consideration of all the evidence presented in support of the application, we are of opinion that the petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied, and bail refused.

ARMSTRONG and BRETT, JJ., concur.